

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00186-CV

———————————————

IN THE MATTER OF D.M.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-122939-24

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

D.M., a juvenile, entered into a Stipulation of Evidence, Judicial Confession, and Disposition Agreement with the State, according to which he admitted that he had engaged in delinquent conduct by committing a felony evading arrest in a vehicle. *See* Tex. Penal Code Ann. § 38.04; *see also* Tex. Fam. Code Ann. §§ 54.03–.04.  He also agreed to be placed on community supervision as a disposition.  The trial court approved the agreement and signed (1) a judgment finding that D.M. had engaged in delinquent conduct and (2) an order placing D.M. on community supervision and setting forth the community-supervision conditions.  D.M. attempts to appeal from both.

On February 21, 2025, we notified D.M. of our concern that we lack jurisdiction over the appeal because the trial court's delinquency judgment and community supervision order resulted from a plea bargain in which the trial court followed the disposition recommendation, the trial court did not give its permission to appeal, and the appeal does not challenge a ruling on a pretrial motion.  We gave D.M. or any party desiring to continue the appeal 10 days to file a response showing grounds for continuing the appeal, but we have not received a response.

Family Code Section 56.01(n) provides,

> A child who enters a plea or agrees to a stipulation of evidence in a proceeding held under this title may not appeal an order of the juvenile court entered under Section 54.03, 54.04, or 54.05 if the court makes a disposition in accordance with the agreement between the state and the child regarding the disposition of the case, unless:

> (1) the court gives the child permission to appeal; or
>
> (2) the appeal is based on a matter raised by written motion filed before the proceeding in which the child entered the plea or agreed to the stipulation of evidence.

Tex. Fam. Code Ann. § 56.01(n).

Nothing in the record shows that the trial court gave D.M. permission to appeal,[1] nor has D.M. raised any complaint about a written and ruled-on pretrial motion. We therefore dismiss this appeal. *See* Tex. R. App. P. 42.3; *In re L.H.*, No. 14-20-00303-CV, 2022 WL 456760, at *2 (Tex. App.—Houston [14th Dist.] Feb. 15, 2022, no pet.) (mem. op.).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: March 13, 2025

---

[1] The record contains a certification of the right of appeal indicating that this "is a plea-bargain case, and [D.M.] has NO RIGHT OF APPEAL."

3